Argued September 19, 1978; reversed and remanded
March 19; reconsideration denied April 30; petition
for review denied July 5, 1979

JEFFERIS, *Respondent,*
*v.*
WHITE, et al, *Appellants.*
(No. 77-6334, CA 11355)
591 2d 766

Alonzo P. Stiner, Portland, argued the cause and
filed the briefs for appellants.

Clayton C. Patrick, Salem, argued the cause for respondent. With him on the brief was Roy Dwyer, P.C., Eugene.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendants appeal a wrongful death action and assign as error the court's instruction to the jury. We reverse and remand.

Defendant White was operating a loaded truck and trailer owned by defendant H & H Trucking Co. just north of Eugene on Interstate 5, on October 1, 1976, at approximately 7 a.m. Defendant White, in taking evasive action to avoid a camper truck which was going in the same direction as defendant White but was weaving in the next lane, struck and killed Avera, a pedestrian who was on the shoulder to the right of the fog line.

At trial defendants objected to the following instructions.

"* * * * *

"I instruct you under the law of this state that a pedestrian is entitled to the right-of-way if he positions himself on or proceeds along or upon the shoulder as far as practicable from the roadway edge on a highway which has an adjacent shoulder area on one or both sides.

"I instruct you under the laws of this state that a pedestrian has the right-of-way if he positions himself or proceeds upon the right highway shoulder as far as is practicable from the roadway edge on a divided highway which has no sidewalk and does have a shoulder area.

"* * * * *."

Defendants correctly contend that there is no statutory provision giving a pedestrian the right of way while on the shoulder of the highway and that, therefore, common law requiring both the driver and pedestrian to exercise reasonable care is the prevailing law.

ORS 487.320(4) provides:

"(4) A pedestrian shall position himself upon, or proceed along and upon, the right highway shoulder, as far as practicable from the roadway edge, on a

[169]

divided highway which has no sidewalk and does have a shoulder area."

ORS 487.005(18) provides:

"(18) 'Shoulder' means that portion of the highway, whether paved or unpaved, contiguous to the roadway primarily for use by pedestrians, for the accommodation of stopped vehicles, for emergency use and for lateral support of base and surface courses.

ORS 487.005(16) provides:

"(16) 'Right of way' means the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed and proximity as to give rise to danger of collision unless one grants precedence to the other."

For a person or vehicle to have a right of way the person or vehicle in a particular place must be preferred over the other. The definition of "shoulder" includes use by pedestrian, accommodation of stopped vehicles, and emergency use. Neither the vehicle nor the pedestrian is given preference. ORS 487.320 simply establishes the place where a person may position himself in order to hitchhike, an activity that was not permitted on the shoulder of a highway prior to 1975.[1]

We find nothing in the statute providing a right of way to a pedestrian on the shoulder of a highway. In the absence of a statute specifically granting a superior right of way we are not inclined to find one.

Reversed and remanded.

---

[1] 35 Op Atty's Gen 835 (1971) provides in pertinent part:

"We accordingly conclude that ORS 483.218 prohibits hitchhiking not only by persons standing in the regularly travelled traffic lanes of a highway, but also while standing on the paved or graveled highway shoulder designed for vehicular use. The statute does *not* prohibit hitchhiking while standing off the shoulder, or on a shoulder which, because of its slope, different level, softness or other characteristics, is not designed for and cannot conveniently be used by vehicles."